PROB. 12B
(7/93)

# ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

## United States District Court

### for the

### DISTRICT OF HAWAII

OCT 3 1 2006

at __9__ o'clock and _45_min_A_ M
SUE BEITIA, CLERK

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### *(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  Young Tanimoto          Case Number:  02-00126SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence:  10/21/02

Original Offense:      <u>Counts 1 and 2</u>:  DISTRIBUTION OF COCAINE BASE WITHIN
1,000 FEET OF A PRIVATE UNIVERSITY, in violation of 21 U.S.C.
§ 860(a), a Class B felony

Original Sentence:   Fifteen (15) months imprisonment as to each of Counts 1 and 2 of
the Indictment, all such terms to be served concurrently, to be
followed by 6 years supervised release as to each count, all such
terms to be served concurrently, with the following special
conditions:  1) That the defendant participate in a substance abuse
program, which may include drug testing at the discretion and
direction of the Probation Office; 2) That the defendant provide the
Probation Office access to any requested financial information; 3)
That the defendant participate in a mental health program at the
discretion and direction of the Probation Office; and 4) Without the
prior approval of the Probation Office, the defendant shall not enter
the "Operation Weed and Seed" target area which is bordered by
Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway,
North King Street, Dillingham Boulevard, and Kokea Street, as
depicted in the map to be attached to the Judgment.

New Sentence:        On 3/4/05, the offender's supervised release was revoked.  The
offender was sentenced to 6 months imprisonment to be followed
by 66 months of supervised release with the following special
conditions:  1) That the defendant participate in a substance abuse
program, which may include drug testing at the discretion and
direction of the Probation Office and the Financial Litigation Unit of
the U.S. Attorney's Office access to any requested financial
information to include submitting to periodic debtor's examinations
as directed by the Probation Office; 2) That the defendant provide

Prob 12B
(7/93)

2

the Probation Office access to any requested financial information;
3) That the defendant participate in a mental health program at the
discretion and direction of the Probation Office; 4) Without the prior
approval of the Probation Office, the defendant shall not enter the
"Operation Weed and Seed" target area which is bordered by
Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway,
North King Street, Dillingham Boulevard, and Kokea Street, as
depicted in the map to be attached to the Judgment; and 5) That
the defendant be placed in Mahoney Hale, a community
corrections center, for up to 180 days at the discretion and direction
of the Probation Office.  The defendant shall participate in the
programs at Mahoney Hale to include employment and job-training
opportunities.

Type of Supervision:  Supervised Release    Date Supervision Commenced:  8/31/05

## PETITIONING THE COURT

[X]    To modify the conditions of supervision as follows:

6.    *That the defendant serve 3 months of home detention with electronic
monitoring as arranged by the Probation Office.  During this time, the
defendant shall remain at her place of residence during nonworking hours
and shall not leave her residence without the approval of the Probation
Office.  The defendant shall wear an electronic monitoring device and
follow electronic monitoring procedures pursuant to the Participant's
Agreement and shall earn leave as determined by the Probation Office.
The defendant also will be responsible for the payment of the electronic
monitoring costs as directed by the Probation Office.*

7.    *That the defendant shall refrain from any unlawful use of a controlled
substance.  The defendant shall submit to one drug test within 15 days of
the commencement of supervision and at least two drug tests thereafter
but no more than eight valid drug tests per month during the term of
supervised release, unless there is a positive drug test, in which event the
maximum shall increase to up to one valid drug test per day (mandatory
condition).*

Prob 12B
(7/93)

3

**CAUSE**

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. Standard Condition No. 9 | From at least 8/1/06 through 10/23/06, the subject associated with persons convicted of a felony without the permission of the Probation Officer. |
| 2. Special Condition No. 1 | The offender refused to appear for drug testing on 10/20/06. |
| 3. General Condition | The offender admitted to using cocaine on or about 10/21/06. |
| 4. General Condition | The offender's urine specimen submitted on 10/23/06 tested positive for cocaine. |

On 10/21/02, the offender pled guilty to Distribution of Cocaine Base Within 1,000 Feet of a Private University, in violation of 21 U.S.C. § 560(a), a Class B felony. She was sentenced to 15 months imprisonment to be followed by 6 years of supervised release with the special conditions noted in the petition. Supervision commenced on 5/6/03. Upon release, the offender had no social support system and was released to the Institute for Human Services homeless shelter. The shelter provided nightly shelter and three meals a day. The offender immediately applied for welfare, food stamps, and medical insurance through the State Department of Human Services. The offender also resumed mental health counseling with Dr. Kim and was prescribed the medication, Paxil, for depression. The offender attended mental health sessions with Dr. Kim at a rate of two times per month. Dr. Kim determined that the offender suffered from clinical depression and as a result, was placed on disability. Shortly after her release and with the approval from the Probation Office, the offender found a stable residence.

On 3/4/05, the offender appeared before Your Honor and admitted to the following violations specified in the Request for Course of Action filed on 12/13/04: Violation No. 1 - The offender's urine specimens submitted on 5/15/03 tested positive for methamphetamine and cocaine, in violation of the General Condition; Violation No. 2 - The offender's urine specimens submitted on 6/24/03 and 9/2/03 tested positive for cocaine, in violation of the General Condition; Violation No. 3 - The offender failed to participate in substance abuse treatment on 9/22/03, in violation of Standard Condition No. 1; and Violation No. 4 - The offender failed to notify the Probation Officer 10 days prior to any change in residence in violation of Standard Condition No. 6. Your Honor revoked the offender's supervised release and sentenced her to 6 months imprisonment with the special conditions noted in the petition. The offender's supervision commenced on 8/31/05.

Prob 12B
(7/93)

On 1/5/06, the offender was released from Mahoney Hale and found a stable residence located at 1590 Thurston Avenue, Apartment No. 201.  She participated and completed mental health counseling on 1/19/06, and outpatient drug counseling on 5//25/06 with Freedom Recovery Services.

On 9/26/06, U.S. Probation Officer J. Martin Romualdez conducted surveillance on federal felon Elizabeth Jones at her worksite in the Ward Center parking garage.  At approximately 9:38 p.m., Ms. Jones departed from the garage in her pick-up truck.  She was alone inside her vehicle at this time and drove to an apartment building on 1590 Thurston Avenue.  She exited her vehicle and remained in the apartment building for 30 minutes.  After she departed the building, she reentered her pick-up truck with a female passenger in the front seat.  This female passenger was later positively identified as Young Tanimoto.  Ms. Jones dropped Ms. Tanimoto off at Kukui Plaza across from Fort Street Mall, which is within the Chinatown Weed-and-Seed area.  It should be noted that Ms.Tanimoto has a Weed-and-Seed geographical restriction as a supervision condition.

On 10/20/06, the offender failed to appear for drug testing at Freedom Recovery Services.  The drug testing program requires the offender to call a telephone message recorder daily to obtain instructions for submitting a urine specimen the following day. The drug testing protocol was explained to the offender when she initially met with the undersigned at the commencement of her supervision term.  She acknowledged that she fully understood the requirements of the testing program.  Given that the offender was oriented to the program and submitted to drug testing at Freedom Recovery Services on various occasions, her failure to submit to drug testing on the above-referenced date constitutes a refusal to comply with drug testing.

On 10/23/06, the offender reported to the Probation Office as instructed.  The offender admitted that she had been associating with Ms. Jones since August 2006. She explained that she met Ms. Jones at Freedom Recovery Services where they both participated in group counseling.  She informed this officer that because Ms. Jones has migraines, she assists her in cleaning her apartment and doing her laundry.  The offender denied using illegal drugs with Ms. Jones and/or obtaining illegal drugs from her.  The offender also acknowledged that she was aware that Ms. Jones is serving a term of supervised release for a federal drug-related felony conviction and that such association was prohibited by her conditions of supervised release.  The offender was reprimanded and instructed not to have any further contact with Ms. Jones or any other convicted felons.

The offender admitted to going to Fort Street Mall on the evening of 9/26/06 which is within the Chinatown Weed-and-Seed area.  She acknowledged that she is aware that she has a Weed-and-Seed geographical restriction as a supervision condition. She reported that she had gone to Fort Street Mall to give her boyfriend Tokiyo Ogami, who works as a security guard in the area, paperwork that he had forgotten to bring to work.  The offender was reprimanded and another copy of the Chinatown Weed-and-Seed map was given to the offender with instructions to not enter the area. The offender advised that she understood and would comply.

Prob 12B
(7/93)

5

This officer questioned the offender about failing to report for drug testing on 10/20/06. She reported that she called the telephone message recorder on 10/19/06 to obtain instructions for submitting a urine specimen the following day. According to the offender, the recorder stated that she did not have to report for drug testing on 10/20/06. The offender completed Phase 1 and 2 drug testing with no stalls or positive drug tests and is currently in Phase 3 drug testing, which involves a minimum of 1 test per month.

The offender provided a urine specimen during the office meeting that tested positive for cocaine on a non-instrumented testing device (NITD). The sample was forwarded to Scientific Testing Laboratories Inc. (STL) for confirmation.

Upon further questioning, the offender admitted that she had used cocaine on or about 10/21/06. She claimed to have used cocaine on only that single occasion. The offender was instructed to immediately contact Freedom Recovery Services and enroll in Intensive Outpatient Services (IOP). In addition, the offender was placed back in the most restrictive phase of drug testing which involves a minimum of 6 tests per month.

As a sanction for the alleged violations, the offender has agreed to modify her supervision conditions to include serving 3 months of home confinement with electronic monitoring. This modification will enable the Probation Office to limit and monitor her activities. The offender also agreed to modify her conditions of supervision, to accommodate the revised language for participation in substance abuse treatment and to comply with the requirements of random drug testing under U.S. v. Stephens. In light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the offender and to protect the community. The offender is aware that continued noncompliance may result in harsher sanctions, including the revocation of her supervision. We respectfully recommend that no adverse court action be taken at this time. We believe that the offender is amenable to treatment at this time, and the Court will be notified and further action may be requested if she is unable to comply with the conditions of supervised release.

Prob 12B
(7/93)

    Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release.  The subject waives her right to a hearing and to assistance of counsel.  The subject agrees to the modification of  the conditions of supervised release.  The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

JOANN S. HAMAJI
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date:  10/27/2006

THE COURT ORDERS:

[X]  The Modification of Conditions as Noted Above
[  ] Other

SUSAN OKI MOLLWAY
U.S. District Judge

OCT 3 0 2006

Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

6        That the defendant serve 3 months of home confinement with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at her place of residence during non-working hours and shall not leave her residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

7        That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

Witness: _____
JOANN S. HAMAJI
U.S. Probation Officer

Signed: _____
YOUNG TANIMOTO
Supervised Releasee

Date